**FILED**

October 12, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ pg
                                    DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

CASEY NOLDEN,

Plaintiff,

v.

LVNV FUNDING, LLC,

Defendant,

**Civil Action No: <u>1:23-CV-00042</u>**

**AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES,** Plaintiff CASEY NOLDEN ("Nolden" or "Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Amended Complaint* against Defendant LVNV FUNDING, LLC ("LVNV" or "Defendant"), and alleges, upon information and belief, the following:

<u>**PRELIMINARY STATEMENT**</u>

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

<u>**JURISDICTION AND VENUE**</u>

2.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

3.    Venue is proper in this District is proper under 28 U.S.C. § 1391b(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES AND SERVICE

### Plaintiff Casey Nolden

4.      Plaintiff is a resident of Williamson County, Texas.

5.      At all times material hereto, Plaintiff is a "Consumer," as defined by 15 U.S.C. § 1681a(c).

### Defendant LVNV Funding LLC

6.      LVNV is a "Person" as defined by 15 U.S.C. § 1681a(b) and conducts substantial and regular business activities in this judicial district. LVNV is registered to do business in the State of Texas and may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.      LVNV meets the definition of a "furnisher of information" within the meaning of the FCRA 15 U.S.C. § 1681 *et seq.* in that they regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies, as said term is defined under 15 U.S.C. § 1681a(f), regarding consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

8.      On October 12, 2022, Defendant LVNV filed a debt claim lawsuit against Plaintiff for an unpaid debt of $1,040 in Plaintiff's name that was fraudulent and was not authorized or opened by Plaintiff (the "Debt").

9.      Shortly after, Plaintiff noticed that the address attached to the Debt was a previous address of Plaintiff's from out of state. Plaintiff has not lived at this address attached to the Debt in over eight years since he sold the property.

10.     In October 2022, Plaintiff noticed that Defendant LVNV was furnishing the Debt as an account with a "collection" status and $1,040 balance (the "Account") on Plaintiff's Experian

Information Solutions, Inc. ("Experian"), Equifax Information Solutions, LLC ("Equifax"), and

Trans Union, LLC ("Transunion") credit reports.

11.      Around October 30, 2022, Plaintiff filed a Federal Trade Commission Identity Theft

Report (the "FTC Report") and also filed a police report declaring that the Debt was not incurred

by Plaintiff and is the result of identity theft.

12.      In October 2022, Experian received a credit dispute from Plaintiff concerning the

fraudulent publication of the Account on his credit report. In his dispute, Plaintiff included a

dispute letter identifying the Account, copies of his FTC Report and his police report, and copies

of his driver's license, social security card, and utility bill.

**Experian Dispute**

13.      At some time better known to Defendant LVNV, Experian transmitted Automated Credit

Dispute Verification Forms ("ACDVs") requesting verification from LVNV concerning the

Account.

14.      At some time better known to Defendant LVNV, LVNV failed to conduct a reasonable

investigation and willfully or negligently verified the Account as accurate on the ACDV sent by

Experian and continued to furnish the Account on Plaintiff's Experian credit report.

15.      On November 21, 2022, Experian responded to Plaintiff's dispute. In Experian's

response, they refused to block the Account and instead verified its publication as accurate.

16.

17.      In October 2022, Equifax received a credit dispute from Plaintiff concerning the

fraudulent publication of the Account on his credit report. In his dispute, Plaintiff included a

dispute letter identifying the Account, copies of his FTC Report and his police report, and copies

of his driver's license, social security card, and utility bill.

**Equifax Dispute**

18.     At some time better known to Defendant LVNV, Equifax transmitted ACDVs requesting verification from LVNV concerning the Account.

19.     At some time better known to Defendant LVNV, LVNV failed to conduct a reasonable investigation and willfully or negligently verified the Account as accurate on the ACDV sent by Equifax and continued to furnish the Account on Plaintiff's Equifax credit report.

20.     On November 17, 2022, Equifax responded to Plaintiff's dispute. In Equifax's response, they refused to block the Account and instead verified its publication as accurate.

**Transunion Dispute**

21.     In October 2022, Transunion received a credit dispute from Plaintiff concerning the fraudulent publication of the Account on his credit report. In his dispute, Plaintiff included a dispute letter identifying the Account, copies of his FTC Report and his police report, and copies of his driver's license, social security card, and utility bill.

22.     At some time better known to Defendant LVNV, Transunion transmitted ACDVs requesting verification from LVNV concerning the Account.

23.     At some time better known to Defendant LVNV, LVNV failed to conduct a reasonable investigation and willfully or negligently verified the Account as accurate on the ACDV sent by Transunion and continued to furnish the Account on Plaintiff's Transunion credit report.

24.     On November 15, 2022, Transunion responded to Plaintiff's dispute. In Transunion's response, they refused to block the Account and instead verified its publication as accurate.

**Damages/Violation**

25.     Despite Plaintiff's credit disputes and the transmittance of ACDVs to Defendant LVNV by Experian, Equifax, and Transunion, Defendant LVNV continued to furnish a fraudulent

account not authorized by Plaintiff with a "collection" status and a balance of $1,040 on Plaintiff's credit reports.

26.    Due to Defendant LVNV's continued wrongful furnishing of the Account and internal errors, Plaintiff has suffered injuries to his creditworthiness and reputation, credit denials, emotional distress, mental anguish, lack of sleep, loss of appetite, and added stress to his daily routine.

27.    For these reasons, Defendant LVNV violated several provisions of the FCRA when it failed to conduct a reasonable investigation of Plaintiff's consumer disputes either willfully or negligently and continued to furnish false and derogatory information to Equifax, Transunion and Experian relating to the Account which was reported on Plaintiff's consumer reports.

### FIRST CAUSE OF ACTION
**Negligent Violation of the Fair Credit Reporting Act as to Defendant LVNV**
**15 U.S.C. § 1681s-2(b)**

28.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

29.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et seq.*

30.    Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumer dispute the accuracy and completeness of information contained in a consumer report.

31.    Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

32.    The results of the investigation by the person must be reported to consumer reporting

agencies and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

33.     Defendant LVNV negligently violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Experian, Equifax, and Trans union; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

34.     Specifically, Defendant LVNV continued to report a fraudulent debt incurred through identity theft as belonging to Plaintiff with a "collection" status and a balance of $1,040 despite Plaintiff's disputes.

35.     As a result of the conduct, action, and inaction of Defendant LVNV, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

36.     The conduct, action, and inaction of Defendant LVNV was negligent, rendering LVNV liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

37.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**SECOND CAUSE OF ACTION**
**Willful Violation of the Fair Credit Reporting Act as to Defendant LVNV**
**15 U.S.C. § 1681s-2(b)**

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

39.     This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq.*

40.     Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumer dispute the accuracy and completeness of information contained in a consumer report.

41.     Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

42.     The results of the investigation by the person must be reported to consumer reporting agencies and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

43.     Defendant LVNV willfully violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Experian, Equifax, and Trans union; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

44.     Specifically, Defendant LVNV continued to report a fraudulent debt incurred through identity theft as belonging to Plaintiff with a "collection" status and a balance of $1,040 despite Plaintiff's disputes.

45.     As a result of the conduct, action, and inaction of Defendant LVNV, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

46.     The conduct, action, and inaction of Defendant LVNV was willful, rendering LVNV liable

for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

47.	Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendant LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

48.	Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendant LVNV as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o from Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n from Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from Defendant;

4. Awarding Plaintiff reasonable attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2) from Defendant;

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED: October 11, 2023                      Respectfully Submitted,


                                             **JAFFER & ASSOCIATES PLLC**

                                             */s/ Shawn Jaffer*
                                             **Shawn Jaffer**
                                             State Bar No. 24107817
                                             5757 Alpha Road, Suite 580
                                             Dallas, Texas, 75240
                                             T: (214) 945-0000
                                             F: (888) 509- 3910
                                             wdtx@jaffer.law
                                             *Attorneys for Plaintiff*